UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CRAIG L. BREWSTER and JEAN M. BREWSTER,<br><br>                    Plaintiffs,<br><br>v.<br><br>UNITED STATES of AMERICA,<br><br>                    Defendant. | Case No. 19-cv-00075-NEB-KMM<br><br>**MEMORADUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |

Plaintiffs Craig and Jean Brewster bring this motion for leave to file their Amended Complaint pursuant to Federal Rule of Civil Procedure 15 and Local Rule 15.1. Plaintiffs seek to add Dr. Herbert Ward and the University of Minnesota Physicians (the "additional named parties") as Defendants for separate claims of negligence.

I.  **FACTUAL BACKGROUND**

Craig Brewster was admitted to the Minneapolis Veterans Administration Medical Center in Minneapolis, MN ("Minneapolis VAMC") on April 13, 2014. He was having a heart attack and was subsequently scheduled for a triple bypass surgery on April 17, 2014, the Thursday before Easter weekend. Dr. Herbert Ward performed Craig's bypass surgery. Dr. Ward is not employed by the Minneapolis VAMC; rather, he is employed by the University of Minnesota Physicians, but his services are contracted out to the Minneapolis VAMC.

1

In the four days following Craig's heart surgery, no attending physician—not even Dr. Ward—checked on Craig. Instead, Minneapolis VAMC nursing staff, physicians' assistants, residents, and fellows ham-handedly attempted to administer Craig's post-op care with low-staffing and minimal oversight over the holiday weekend. On April 21, 2014, Craig suffered a stroke after multiple warning signs and opportunities for preventative care that were missed by the Minneapolis VAMC and never brought to the attention of an attending. Craig spent the next five months at Minneapolis VAMC rehabilitating from his stroke and faces life-altering effects to this day.

Craig Brewster submitted a Federal Tort Claims Act ("FTCA") claim to the Department of Veteran Affairs on September 15, 2014, for $5 million, with the help of a representative at the Minneapolis VAMC. He and Jean subsequently submitted a revised FTCA claim on January 14, 2015, naming both Craig, for $25 million, and Jean Brewster, for $5 million, for a total of $30 million. The Department of Veteran Affairs denied the Brewsters' claim on May 18, 2016. The Brewsters sought reconsideration of the denial on June 8, 2016, and, over two years later, the claim was finally denied again on June 31, 2018. The Brewsters were then able to file in federal court, which they did, *pro se*, on January 10, 2019. Resch Decl., Ex. A. They named only the United States (the Minneapolis VAMC) as a defendant. *Id*. Their case was referred to the *Pro Se Project* on March 25, 2019, ECF No. 5, and the undersigned entered notices of appearances in May 2019, ECF Nos. 8, 9, 12.

Since taking this case, the undersigned have obtained and searched through many boxes and discs containing thousands of pages of medical records to research and draft

2

the Amended Complaint Plaintiffs now seek leave to file. The Amended Complaint names the United States (the Minneapolis VAMC), Dr. Ward in his individual capacity, and the University of Minnesota Physicians, which is Dr. Ward's employer and the entity that contracted for Dr. Ward's services with the Minneapolis VAMC. Resch Decl., Ex. B. Both Complaints bring only negligence claims.

On July 11, 2019, the undersigned sent a draft of the Amended Complaint to Defendant United States to review, as the Parties had previously agreed. Defendant United States was unable to determine whether it was able to stipulate before today's deadline, so for this reason, and for the sake of the record, clarity, and maintenance of the schedule, Plaintiffs are moving the Court for leave to file the Amended Complaint.[1]

## II.    STANDARD

Motions to amend are freely granted when justice so requires. Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the District Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Eighth Circuit Court of Appeals takes a "liberal viewpoint towards leave to amend" and leave "should normally be granted absent good reason for a denial." *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). Leave to amend is denied only if evidence exists such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Roberson*

---

[1] Should the United States oppose this motion, Plaintiffs respectfully request an opportunity to file a reply memorandum.

*v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). An amendment is futile if "the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010).

### III.   ARGUMENT

Justice requires that leave to amend the Brewsters' *pro se* Complaint be granted. Fed. R. Civ. P. 15(a)(2). Allowing leave to amend the Complaint here will fulfill the purposes of the Federal Rules, *see* Fed. R. Civ. P. 1, and facilitate a proper decision on the merits. *Foman*, 371 U.S. at 181–82 ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

No good reasons exist to deny Plaintiffs' request. "[O]utright refusal to grant the leave [to amend] without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182.

#### A.   *There is no undue delay or bad faith*

No undue delay or bad faith occurred here. Rather, Plaintiffs and the undersigned have shown reasonable diligence in investigating and drafting an Amended Complaint. Plaintiffs have been very forthcoming in sharing and providing the background documentation and medical records to their new counsel. The undersigned appeared in this case only four months after the Complaint was filed and before discovery started or motions were filed and briefed. Thus, the case is basically still in its nascency. In the two-

and-a-half months since first appearing, the undersigned have organized and reviewed thousands of pages of medical records to provide an accurate and fulsome recounting of Craig's pre- and post-op care at the Minneapolis VAMC and worked cooperatively with counsel for the United States.

Furthermore, even if Plaintiffs delay was undue, "undue delay alone 'is insufficient to deny leave to amend a complaint' [and] there must be some showing that undue delay will cause the non-moving party to suffer unfair prejudice." *Physician Specialty Pharmacy, LLC v. Prime Therapeutics, LLC*, No. 18-CV-1044 (MJD/TNL), 2019 WL 1748718, at *3 (D. Minn. Apr. 19, 2019) (quoting *IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, 326 F.R.D. 513, 527 (D. Minn. 2018)). There is no prejudice to the United States here. The United States, and the Minneapolis VAMC specifically, have been on notice that the Plaintiffs would be filing a tort action against them since the Brewsters filed their FTCA claim in September 2014. Additionally, and as stated above, there has been no discovery conducted to date. *See IBEW Local 98*, 326 F.R.D. at 527. While the United States filed an answer to the *pro se* Complaint, allowing leave to file this amendment actually assists the United States to facilitate a proper decision on the merits. *See Foman*, 371 U.S. at 181–82.

Similarly, there is no bad faith in seeking this amendment. There are practically no cases in this District where the Court found bad faith and denied a motion to amend. *See ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.*, 355 F. Supp. 3d 785, 791 (D. Minn. 2019). In fact, the Court in *ecoNugenics* had to rely on a case from the Western District of Washington for the standard, which it stated as: "bad faith is a subjective inquiry that

5

requires proof that the moving party acted 'with intent to deceive, harass, mislead, delay, or disrupt.'" *ecoNugenics*, 355 F. Supp. 3d at 791 (quoting *Wizards of the Coast LLC v. Cryptozoic Entertainment LLC*, 309 F.R.D. 651 (W.D. Wash. 2015)). "Given the liberal policy favoring amendment of pleadings so as to decide cases on their merits, the burden of demonstrating bad faith falls upon the party opposing amendment." *Id.* (quoting *Wizards*, 309 F.R.D. at 649). There is no evidence here of conscious wrongdoing because of a dishonest purpose on behalf of the Plaintiffs or their counsel. *Id.*

### B.     The Brewsters have no dilatory motive

This is the Plaintiffs first time amending their Complaint. *Contra Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1015 (8th Cir. 2015) (denying motion to amend that "appear[ed] to have been brought in bad faith and with dilatory motive . . . to avoid dismissal after defendants' motions to dismiss [on their second amended complaint] were fully briefed, heard, and taken under advisement by the District Court."). The Brewsters have no advantage to gain by being dilatory—they have been engaged in pre-litigation administrative review of their FTCA claim since September 2014. The Brewsters want this case resolved just as quickly as any other party does. Plaintiffs are seeking to amend their Complaint only six months after having filed their first Complaint *pro se* and before any discovery or scheduling order has been entered.

### C.     The amendment relates back

The Amended Complaint asserts additional claims against additional named parties that arose out of the same conduct that was set out in the original *pro se*

Complaint. Fed. R. Civ. P. 15(c). The additional named parties, Dr. Ward and the University of Minnesota Physicians, on information and belief, should have received notice of this action when the FTCA claim was initially filed. Dr. Ward was specifically named in the original FTCA claim and should have been placed on notice of the claim and eventual outcome and possible suit. The University of Minnesota Physicians should have similarly been placed on notice of the original FTCA claim by virtue of being, one, Dr. Ward's employer and, two, contractually providing the services of Dr. Ward to the Minneapolis VAMC. This information is uniquely in the hands of the additional named parties and discovery is necessary to fully flesh out these facts.

D.     *The amendment is not futile*

A court should deny a motion for leave to amend as futile if and when the court reaches the legal conclusion that the Amended Complaint could not withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss.[2] *Zutz*, 601 F.3d at 850; *ecoNugenics*, 355 F. Supp. 3d at 793. To survive a motion to dismiss—and a motion for leave to amend—a complaint must plead sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp v. Twombly*, 550 U.S.

---

[2] To make this determination, the Court must also consider the facts previously asserted. "[L]eave to amend is [only] warranted if the deficiencies can be cured with additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the original complaint." *ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.*, 355 F. Supp. 3d 785, 794 (D. Minn. 2019) (quoting *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011)). The proposed Amended Complaint is certainly not inconsistent with the prior *pro se* Complaint, and instead adds additional named parties, factual detail, and theories of liability for key players required to withstand a Rule 12 challenge.

544, 570 (2007). Accepting all the facts pleaded in the Amended Complaint as true, Plaintiffs have stated a plausible claim for relief that the Minneapolis VAMC, Dr. Ward, and the University of Minnesota Physicians were negligent in their care of Craig by failing to meet standards of care in multiple instances during Craig's pre- and post-op care at the Minneapolis VAMC.

## IV.     CONCLUSION

Because justice so requires, Plaintiffs respectfully request that they be granted leave to file their Amended Complaint.

Dated:  July 15, 2019                                            Respectfully submitted,

  s/Brittany N. Resch
Daniel E. Gustafson (#202241)
Amanda M. Williams (#341691)
Brittany N. Resch (#397656)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
awilliams@gustafsongluek.com
bresch@gustafsonguek.com

*Attorneys for Plaintiffs*