# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Craig L. Brewster, Jean M. Brewster, | Case No. 0:19-cv-00075-NEB-KMM |
| Plaintiffs, | |
| v. | **ORDER** |
| United States, | |
| Defendant. | |

Amanda M. Williams, Brittany N. Resch, and Daniel E. Gustafson, Gustafson Gluek PLLC, counsel for the Plaintiffs

Adam J. Hoskins and Ana H. Voss, United States Attorney's Office, counsel for the Defendant

This matter is before the Court on Craig and Jean Brewster's (collectively "the Brewsters") motion to amend the complaint. [ECF No. 15.] The Brewsters filed their original Complaint on January 10, 2019, naming only the United States as a defendant, and alleging that Mr. Brewster's cardiac care at the Veterans Administration hospital was mishandled. [Compl., ECF No. 1.] The Court referred the Brewsters to the *Pro Se Project* on March 25, 2019, and counsel appeared on their behalf in May. [ECF Nos. 5, 8, 9, 12.] After counsel had an opportunity to review the matter, the Brewsters filed the motion to amend on July 15, 2019. The proposed Amended Complaint again names the United States as a defendant, asserting a claim against the government under the Federal Tort Claims Act. The Brewsters also seek leave to add a negligence claim against Dr. Herbert Ward, who is employed by the University of Minnesota Physicians. Dr. Ward performed Mr. Brewster's heart surgery at the VA and was the attending physician for his post-operative care. The Amended Complaint would also add a negligence claim against the University of Minnesota Physicians ("the UMP"). [*See* Resch Decl., Ex. B ("Am. Compl."), ECF No. 18-2.] The government only opposes the motion to amend to the extent it seeks to add these claims against the Dr. Ward and the UMP. The government specifically argues the proposed claims are futile because they are time-barred. [Def.'s Mem. at 1, ECF No. 21.] For the reasons that follow, the motion to amend is granted in part and denied in part.

**I.     Factual Background**

The plaintiffs allege that Mr. Brewster was admitted to the emergency room at the Veterans Administration hospital ("VA") in Minneapolis on April 13, 2014 with chest discomfort. [Compl. ¶ 7.] The VA scheduled a triple bypass surgery within 48 hours of his visit, but the Brewsters claim that proper precautions were not taken to address medical issues prior to the surgery. [*Id.* ¶ 8.] Nevertheless, Mr. Brewster had the procedure on April 17, 2014. Afterward, he complained that he was not able to breathe, but medical staff allegedly ignored his concerns. [*Id.* ¶ 11.]

On April 19th, he stopped breathing, but was resuscitated and sent to the intensive care unit where medical staff found it difficult to stabilize his condition. [*Id.* ¶ 12.] There was no indication he was seen on April 20th by any physician, and testing on April 21st revealed that he had suffered a left hemisphere stroke. [*Id.* ¶¶ 13–14.] He remained at the VA until September 2014 for rehabilitation, but the Brewsters allege that his treatment following the surgery have caused him to become severely disabled by a brain injury. [*Id.* ¶¶ 15–18.] They further allege that Ms. Brewster has suffered economic hardship, the loss of a partner, and the loss of Mr. Brewster's support. [*Id.* ¶¶ 19–21.] The Brewsters allege that they first made a "tort filing" with the VA on September 15, 2014, and their claim was ultimately denied by the VA on June 31, 2018. [ECF No. 1-1.]

As noted, the proposed Amended Complaint seeks to add claims against Dr. Ward based on his alleged failure to properly oversee Mr. Brewster's care following the surgery. The Brewsters allege that Dr. Ward's negligent medical care caused Mr. Brewster to suffer a stroke. The proposed claims against the UMP seek to hold it vicariously liable for Dr. Ward's negligent acts.

**II.    Legal Standard**

Under Federal Rule of Civil Procedure 15, where amendment is not permitted as a matter of course and the parties have not consented to it, "a party may amend its pleadings only with . . . the court's leave." See Fed. R. Civ. P. 15(a)(2). The court should grant leave to amend freely, *id.*, but may nevertheless deny it where a proposed amendment would be futile. *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (listing futility of the amendment as one of several bases on which a court may deny leave to amend). An amendment is futile when the Court concludes "that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Cornelia I. Croswell GST*

*Trust v. Possis Medical, Inc.*, 519 F.3d 778, 782 (8th Cir. 2008). Thus, in evaluating whether the Brewsters may amend their original Complaint in the face of a futility challenge, the Court must determine whether the proposed Amended Complaint would survive a motion to dismiss for failure to state a claim.

To survive a motion to dismiss for failure to state a claim, a proposed amended complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 500 U.S. 544, 570 (2007). This standard does not require the inclusion of "detailed factual allegations" in a pleading, but the proposed amended complaint must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In applying this standard, the court must assume the facts in the proposed Amended Complaint to be true and construe all reasonable inferences from those facts in the light most favorable to the plaintiff. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). But the court does not need to accept wholly conclusory allegations, *Hanten v. School District of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir.1999), or legal conclusions that the plaintiff draws from the facts pled, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

## III.     Analysis

The government does not oppose the addition of new details in the proposed Amended Complaint. The Amended Complaint is much longer than the original and includes farm more detailed allegations about the events giving rise to this case. The government also does not oppose the proposed Amended Complaint's addition of substantive claims against the United States. The Amended Complaint alleges that the government's actions constitute negligence, medical malpractice, failure to care, negligence per se, and negligence under the theory of res ipsa loquitur. [Am. Compl. ¶ 197.] Because the government is only partially opposed to the amendment, the Brewsters' FTCA claims against the United States will go forward and the proposed Amended Complaint may be filed in this case regardless of the Court's ruling on the disputed portion of the motion.

The government argues only that claims against Dr. Ward and the UMP are futile because the Brewsters failed to commence this action within the applicable statute of limitations. For the reasons that follow, the Court concludes that the state-law claims against Dr. Ward and the UMP are futile because they cannot withstand a motion to dismiss for failure to state a claim

based on the statute of limitations.[1] Consistent with these conclusions, the motion to amend is granted in part and denied in part.

### A. "Standing" to Oppose Amendment

Before turning to the merits of the government's argument regarding the statute of limitations, the Court first addresses a procedural argument raised by the Brewsters. They argue that the government lacks standing to object on behalf of Dr. Ward and the UMP because they must raise procedural issues on their own behalf. [Pl.'s Reply at 2–3, ECF No. 24.] Having reviewed the relevant case law and finding that it is virtually certain the same procedural arguments would be raised by Dr. Ward and the UMP if amendment were permitted and they are served with the Amended Complaint, the Court concludes that it is appropriate to consider the arguments raised by the government in opposition to the motion to amend. *See Gardner v. Minnesota*, Case No. 16-cv-03999-JNE-KMM, 2019 WL 1875590, at *3–4 (D. Minn. Apr. 26, 2019) (recognizing absence of binding authority, discussing persuasive cases, and deciding to consider futility arguments made by existing defendant regarding prospective defendants where ignoring the opposition to a motion to amend would "almost certainly" lead to the absent defendants filing a later motion to dismiss).

### B. Statute of Limitations

Where a complaint alleges claims that are clearly barred by an applicable statute of limitations, they cannot survive a motion to dismiss. *Issaenko v. University of Minnesota*, 57 F. supp. 3d 985, 1029–30 (D. Minn. 2014) (dismissing defamation claim where the allegations only alleged statements made outside the limitations period). The government argues that the Brewsters' claims against Dr. Ward and the UMP are governed by the four-year statute of limitations in Minn. Stat. § 541.076(b).[2] Section 541.076(b) provides that "[a]n action by a patient or former patient against a health care provider alleging malpractice, error, mistake, or

---

[1] Although the government argues that the state law claims against Dr. Ward and the UMP are time-barred, it does not raise a similar argument that the claims against the government are barred by the FTCA's limitations period. *See* 28 U.S.C. § 2401(b) (providing that a tort claim against the United States must be fled within two years after a claim accrues or within six months after the date that notice of final agency denial of the claim is mailed).

[2] "The statute of limitations applicable to state law claims is undoubtedly a matter of state substantive law." *Anderson v. City of Minneapolis*, No. 16-cv-04114 (SRN/FLM), 2018 WL 1582262, at *11 (D. Minn. Mar. 30, 2018) (applying state statute of limitations over state law claims supplemental to underlying federal question claims).

failure to cure, whether based on a contract or tort, must be commenced within four years from the date the cause of action accrued."

"Under Minnesota law, a cause of action for medical malpractice generally accrues when the physician's treatment for a particular condition ceases." *D'Amaro v. Joyce*, 297 F.3d 768, 770 (8th Cir. 2002) (citing *Fabio v. Bellomo*, 504 N.W.2d 758, 762 (Minn. 1993)). "When there is a single act of allegedly negligent conduct, however, the cause of action accrues at the time the plaintiff sustains damage from that act … or at the time of the negligent act." *Id.* (cleaned up). The proposed claims against Dr. Ward and the UMP are premised upon Dr. Ward's allegedly negligent conduct in providing and overseeing Mr. Brewster's post-operative treatment in April 2014, which allegedly caused Mr. Brewster to suffer a stroke. [Am. Compl. ¶¶ 201–20.] There are no allegations in the proposed Amended Complaint that Dr. Ward's treatment continued after April 2014, which means that the cause of action accrued, at the latest, before the end of that month. Applying § 541.076(b)'s four-year statute of limitations to the claims against Dr. Ward and the UMP, the time for bringing such claims expired in April 2018. This action was not commenced until January 2019, several months after the applicable statute of limitations expired.

The Brewsters do not dispute that Minn. Stat. § 541.076(b) applies, nor do they claim that their lawsuit was brought within four years of Dr. Ward's and the UMP's allegedly negligent conduct. Instead, they argue that "the statute of limitations should be equitably tolled and not applied to the proposed Defendants." The Brewsters contend that they diligently pursued claims against the VA through the administrative claims process, submitting a revised FTCA claim in January 2015 through prior counsel. The VA did not deny the claim until 16 months later, and then rejected the Brewsters' timely claim for reconsideration another two years later, on July 31, 2018. During this time, the VA investigated the Brewsters' claim, and had "exclusive jurisdiction over the Plaintiffs' claim until it was denied."[3] The Brewsters believed their claim would be granted by the VA and they would not need to commence "a separate state court lawsuit to hold Dr. Ward and the UMP liable." [Pl.'s Reply at 3–6.][4]

---

[3] The plaintiffs do not suggest that they were legally prohibited from bringing state-law claims against Dr. Ward or the UMP while their administrative FTCA claim was pending with the VA.

[4] In their reply, the Brewsters suggest that their claims against Dr. Ward and the UMP should be permitted to go forward because the government may be "aligned with the proposed Defendants." [Pl.'s Reply at 2–3.] To the extent the plaintiffs suggest that the motion should be granted so they can be permitted explore in discovery whether Dr. Ward is technically an

Although the Court is sympathetic to the Brewsters' position and recognizes that, as non-lawyers, they likely did not see the need or even know they had the option to file a separate state-law action against Dr. Ward and the UMP while their administrative claim was pending with the VA, there are no allegations in the proposed Amended Complaint or elsewhere in the record that would warrant equitable tolling. *See Lucht v. Encompass Corp.*, 491 F. Supp. 2d 856, 860 n.2, 862–66 (S.D. Iowa 2007) (granting motion to dismiss a complaint as untimely based on consideration of the allegations in, and matters embraced by the pleadings, and rejecting the plaintiff's equitable tolling argument). The Brewsters cite Supreme Court cases setting forth the broad principles of equitable tolling,[5] but do not explain how those principles apply to the claims against Dr. Ward and the UMP, which are based on Minnesota law.

In the medical malpractice arena, Minnesota courts have created two tolling doctrines that "delay the accrual of the statutory period past the normal accrual date." *Moran v. Buchwald*, No. A07-2075, 2008 WL 4706306, at *2 (Minn. Ct. App. Oct. 28, 2008) (unpublished opinion) (citing *Broek v. Park Nicollet Health Servs.*, 660 N.W.2d 439, 442 (Minn. Ct. App. 2003)). Neither applies to this case. Indeed, other than referencing the general concept of equitable tolling, the Brewsters do not explain how any particular tolling rule could save the claims at issue.

One of the tolling doctrines applies when a physician engages in "fraudulent concealment." *Broek*, 600 N.W.2d at 442. "In the absence of fraud, ignorance of the existence of the cause of action does not toll the statute of limitations." *Schmucking v. Mayo*, 235 N.W. 633, 633 (Minn. 1931) (medical malpractice action); *see also Sanchez v. State*, 816 N.W.2d 550, 561 (Minn. 2012) (citing *Schmucking* among cases discussing fraudulent concealment). The

---

employee of the VA, the Court finds that the need for such discovery would not be a proper reason to grant leave to amend. The proposed Amended Complaint itself alleges that Dr. Ward is an employee of the UMP, which is in turn a contractor with the VA. [Am. Compl. ¶ 8.] The federal agencies to which the FTCA applies do "not include any contractor with the United States." 28 U.S.C. § 2671. This does not mean that the relationship between Dr. Ward, the UMP, and the VA is an inappropriate topic for discovery in this matter, but only that the statute of limitations applicable to the federal government defendant under the FTCA does not cover Dr. Ward or the UMP.

[5] *See* Pet'r's Reply at 3, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (rejecting habeas petitioner's claim for equitable tolling in case brought under the Antiterrorism and Effective Death Penalty Act); and *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) (recognizing "long standing" principles of equitable tolling but rejecting plaintiff's tolling claim for suit brought under § 16(b) of the Exchange Act).

Minnesota Supreme Court applies tolling "only when some factor completely outside the claimant's control prevented him from meeting a statutory deadline." *Sanchez*, 816 N.W.2d at 561 (citing, inter alia, *Schmucking*, 235 N.W. at 633). Here, there are no allegations in the proposed Amended Complaint or elsewhere in the record to suggest that Dr. Ward or the UMP engaged in fraudulent conduct that could reasonably be inferred to have hidden a cause of action regarding Mr. Brewster's post-operative care from the plaintiffs.

A second tolling doctrine applies under the so-called "termination of treatment" rule, which delays accrual of a cause of action until a doctor's treatment for a condition ends. *Johnson v. Winthrop Labs. Div. of Sterling Drug, Inc.*, 190 N.W.2d 77, 81 (Minn. 1971). "This rule is predicated on the rationale that 'the patient must repose reliance upon his physician in the completion of the course of curative treatment, a relationship of trust which inhibits the patient's ability to discover acts of omission or commission constituting malpractice.'" *Broek*, 660 N.W.2d at 443 (quoting *Swang v. Hauser*, 180 N.W.2d 187, 189–90 (1970)). Again, the proposed Amended Complaint and the remainder of the record is bare when it comes to allegations that could support equitable tolling under the termination-of-treatment rule. As noted, Dr. Ward's allegedly negligent conduct occurred in April of 2014 and he is not alleged to have continued treating Mr. Brewster after that time. No facts in the Amended Complaint suggest a course of treatment over time existed that would implicate the relationship of trust that might prohibit a patient's ability to discover negligent conduct.

Absent any allegations that would trigger application of equitable tolling here, the Court cannot find the proposed claims are timely. For these reasons, the Court concludes that the negligence claims against Dr. Ward and the UMP are futile.

### III. Order

The Court concludes that the proposed Amended Complaint is futile to the extent it asserts negligence claims against Dr. Ward and the UMP. Those claims are futile because they are barred by the statute of limitations. Because the government does not object to the amendment on any other grounds, the Court will permit the filing of the proposed Amended Complaint, subject to this Order's conclusion that the claims against Dr. Ward and the UMP are time barred. Accordingly, the Motion to Amend **[ECF No. 15]** is **DENIED IN PART** and **GRANTED IN PART** as set forth in this Order.

On August 13, 2019, the Court canceled the pretrial conference in this case based on the parties' request that it be postponed until a ruling on the motion to amend. [ECF No. 30.] Within

seven days of receiving this Order, the parties are directed to meet and confer regarding the appropriate timing for a Rule 16 conference concerning the remaining FTCA claim against the United States. Counsel should promptly email Judge Menendez's chambers regarding these discussions, and the Court will take appropriate action.

Date: November 26, 2019

                                             *s/Katherine Menendez*
                                             Katherine Menendez
                                             United States Magistrate Judge